IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-50263
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SANTIAGO BALTAZAR-BAEZA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:07-CR-207-4

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Santiago Baltazar-Baeza appeals his jury-trial conviction for aiding and abetting possession with intent to distribute marijuana. He claims the district court erred in denying his motion to suppress his confession, contending that his signed waiver of Miranda rights was not made intelligently or voluntarily because he had no food and little water for several days prior to signing the waiver.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[S]tatements made by a defendant during custodial interrogation may not be used against him at trial unless procedural safeguards are employed to protect the defendant's Fifth Amendment privilege against self-incrimination". United States v. Andrews, 22 F.3d 1328, 1337 (5th Cir. 1994). Custodial interrogation may be used to elicit a confession where a suspect has validly waived his Miranda rights. United States v. Cardenas, 410 F.3d 287, 292 (5th Cir. 2005). The Government bears the burden of showing, by a preponderance of the evidence, that Baltazar's Miranda waiver was valid. See United States v. Garcia Abrego, 141 F.3d 142, 171 (5th Cir. 1998).

"A defendant's waiver of his Miranda rights is only effective if the waiver is knowingly, intelligently, and voluntarily made." Id. The inquiry whether a waiver of Miranda rights is valid contains two distinct dimensions: "the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception"; and "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it". Cardenas, 410 F.3d at 293 (internal quotation marks and citation omitted).

A district court's determination regarding the validity of a Miranda waiver is a question of law that is reviewed de novo, but the factual findings underlying the district court's legal determination are reviewed only for clear error. E.g., Garcia Abrego, 141 F.3d at 171. "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." United States v. Santiago, 410 F.3d 193, 197 (5th Cir. 2005).

The district court did not err, following a pretrial suppression hearing, in finding that Baltazar was not subjected to coercive conduct by Border Patrol

2

Agents, and that he knowingly and intelligently waived his Miranda rights. See Cardenas, 410 F.3d at 293; Garcia Abrego, 141 F.3d at 171-72; Andrews, 22 F.3d at 1340. Therefore, the district court did not err in denying Baltazar's motion to suppress the confession. See Cardenas, 410 F.3d at 297. Accordingly, Baltazar's confession was admissible at trial because he knowingly, intelligently, and voluntarily waived his Miranda rights before giving his confession.

AFFIRMED.